IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHILOH ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. SA-12-CV-00670-DAE |
| REPUBLIC-VANGUARD | ) | |
| INSURANCE COMPANY, | ) | |
| ZURICH AMERICAN | ) | |
| INSURANCE COMPANY, | ) | |
| ILLINOIS NATIONAL | ) | |
| INSURANCE COMPANY, THE | ) | |
| TRAVELERS LLOYDS | ) | |
| INSURANCE COMPANY, | ) | |
| MARYLAND CASUALTY | ) | |
| COMPANY, HARTFORD | ) | |
| CASUALTY INSURANCE | ) | |
| COMPANY, and ADMIRAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT ADMIRAL'S MOTION FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT

On September 12, 2013, the Court heard the Motion for Leave to File

Third-Party Complaint brought by Defendant Admiral Insurance Company

("Admiral"). After reviewing the motion and the supporting and opposing

memoranda, the Court **GRANTS** Admiral's Motion for Leave to File Third-Party

Complaint.  (Dkt. # 34.)

BACKGROUND

Shiloh is a defendant in a state-court action styled <u>FREP New Braunfels, LLC v. Beyer Mechanical, Ltd. et al.</u>, Cause No. 2008-CI-10605, in the 408th Judicial District Court of Bexar County, Texas (hereinafter "the Underlying Lawsuit").  ("FAC," Dkt. # 16, Ex. A.)  The Underlying Lawsuit concerns property damage that allegedly occurred during the construction and improvement of the medical facility located at 1738 E. Common St., New Braunfels, Texas (the "Subject Property").  (Dkt. # 1-1 at 18.)  The plaintiff in the Underlying Lawsuit, FREP New Braunfels, LLC ("FREP"), hired Shiloh Enterprises, Inc. ("Shiloh") to serve as general contractor on the project.  (<u>Id.</u> at 20.)  Shiloh, in turn, hired several subcontractors to carry out various aspects of the construction.  (<u>Id.</u>)  On July 7, 2008, FREP brought claims for breach of contract against Shiloh, along with the architect and one subcontractor, for alleged deficiencies in the construction, repair, and maintenance of the Subject Property.  (<u>Id.</u>)

On June 4, 2012, Shiloh filed a declaratory judgment action in the 408th Judicial District Court of Bexar County, Texas against Republic-Vanguard Insurance Company, Zurich American Insurance Company, Illinois National Insurance Company, Old Republic Lloyds of Texas, Amerisure Mutual Insurance

2

Company, The Travelers Lloyds Insurance Company, Maryland Casualty Company, Hartford Casualty Insurance Company, Admiral, and Catalina London Limited f/k/a Alea London Limited.[1]  (Dkt. # 1-1.)  All of the named defendants are insurance companies that had issued insurance policies to Shiloh's subcontractors on the FREP project.  (Id.)

On July 11, 2012, Defendant The Travelers Lloyds Insurance Company removed the case to federal court on the basis of diversity jurisdiction. (Dkt. # 1.)  On September 19, 2012, Shiloh filed its First Amended Complaint seeking a declaratory judgment that each defendant had a duty to defend Shiloh in the Underlying Lawsuit.  ("FAC," Dkt. # 16 ¶¶ 26–29.)

On March 29, 2013, Admiral filed its Motion for Leave to File Third-Party Complaint.  (Dkt. # 34.)  On April 5, 2013, Shiloh filed a response in opposition to the motion.  (Dkt. # 38.)  Soon thereafter, Admiral filed a reply. (Dkt. # 39.)

DISCUSSION

I.   <u>Legal Standard</u>

---

[1]   Shiloh dismissed Defendants Republic Lloyds of Texas and Amerisure Mutual Insurance Company on October 16, 2012.  (Dkt. # 24.)  Shiloh also dismissed Defendant Catalina London Limited f/k/a Alea London Limited.  (Dkt. # 41.)

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a).  The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  Sw. Adm'rs., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, at 202–03 (1971)).  For this reason, it is construed liberally in favor of allowing impleader.  See Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999) (finding that a district court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings").

A defending party may implead a nonparty without leave of court by filing a third-party complaint up to 14 days after serving its original answer.  Fed. R. Civ. P. 14(a)(1).  If more time has passed, the defending party must obtain the court's leave.  Id.  The decision to allow a defendant to implead a third-party under Rule 14 is entrusted to the discretion of the trial court.  See McDonald v. Union Carbide Corp., 734 F.2d 182, 184 (5th Cir. 1984) (citing S. Ry. Co. v. Fox, 339

4

F.2d 560, 563 (5th Cir. 1964).  Factors considered by courts in weighing whether to permit impleader include: "prejudice placed on the other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)."  Briones v. Smith Dairy Queens, Ltd., No. V-08-48, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (citing 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1443 at 300–11 (2d ed. 1990)).

II.    Analysis

Admiral seeks leave to file a proposed third-party complaint, which would bring claims for contribution and subrogation against three insurance companies—Mid-Continent Casualty Company ("Mid-Continent"), Transcontinental Insurance Company ("Transcontinental"), and Travelers Indemnity Company of America ("Travelers")—to allocate the costs of defending Shiloh in the Underlying Lawsuit.  (Dkt. # 34-1.)

The proposed third-party complaint falls squarely within the purview of Rule 14.  The Fifth Circuit has explained that impleader is proper "when the third-party defendant's potential liability is dependent upon the outcome of the main claim."  Se. Mortg. Co. v. Mullins, 514 F.2d 747, 749 (5th Cir. 1975).  "Typically, this requirement that the third-party claim be for derivative or

5

secondary liability is met by an allegation of a right of indemnity, contribution, subrogation or warranty." Neal v. 21st Mortg. Corp., 601 F. Supp. 2d 828, 830 (S.D. Miss. 2009). In the First Amended Complaint, Shiloh seeks a declaratory judgment that Defendants—including Admiral—owe a duty to defend it in the Underlying Lawsuit. In the event Admiral is found to have a duty to defend Shiloh, Admiral seeks contribution and/or subrogation from proposed third-party defendants for the costs relating to such a defense. Admiral's contribution and subrogation claims, therefore, are contingent on the outcome of Shiloh's claim against Admiral. Moreover, Admiral has timely sought leave to file a third-party complaint pursuant to the deadlines provided in the Scheduling Order. (See Dkt # 33 ("The parties shall file all motions to amend or supplement pleadings by July 31, 2013 and to join additional parties by March 29, 2013").)

Shiloh argues that impleader is improper because, under Texas law, the insured has the sole right to choose those carriers from which it wishes to receive coverage. (Dkt. # 38.) Texas law does indeed provide that "the insured may select the policy under which it is to be indemnified." See Tex. Prop. & Cas. Ins. Guar. Ass'n v. Sw. Aggregates, Inc., 982 S.W.2d 600, 605 (Tex. App. 1998) (citing Am. Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 854–55 (Tex. 1994)). However, Shiloh's right to choose among insurance carriers does not preclude

Admiral from pursuing its own right to contribution and/or subrogation from other insurance companies in the event Admiral is found to have a duty to defend Shiloh.

To the extent Shiloh argues that the third-party complaint is unnecessary because Mid-Continent and Travelers are already providing it a defense in the Underlying Lawsuit, this argument fails. The fact that Mid-Continent and Travelers are supplying a defense in the Underlying Lawsuit does not resolve the matter of the equitable allocation of costs for that defense among insurance companies. Additionally, permitting Admiral to file its proposed third-party complaint will promote judicial efficiency by eliminating the need for Admiral to bring a separate action against the proposed third-party defendants.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Admiral's Motion for Leave to File Third-Party Complaint. (Dkt. # 34.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, September 13, 2013.

_____
David Alan Ezra
Senior United States District Judge